# EXHIBIT A

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200001907
Transaction ID: 0010943608
Filing Date: 06/01/2020 04:50:36 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| AMANDA L. SCHNEIDER, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| NEIGHBORHOOD LTC PHARMACY INC., a | ) | |
| Nebraska Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through her attorneys, and for her cause of action against the Defendant hereby states the following:

## PARTIES-VENUE-JURISDICTION

1.      Plaintiff Amanda L. Schneider is a resident of Lincoln, Lancaster County, Nebraska.

2.      Defendant Neighborhood LTC Pharmacy Inc., is a Nebraska corporation that is authorized to conduct business in Nebraska, and at all times relevant was doing business in Lincoln, Lancaster County, Nebraska.

3.      This Court has original jurisdiction over the claims arising under state law.

4.      Venue is appropriate in this District under Neb. Rev. Stat. §25-403.02. The acts about which Plaintiff complains occurred during the course of her employment in Lancaster Nebraska.

5.      On or about February 19, 2019, Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") (NEB 2-18/19-2-50281-RS) and the U.S. Equal Opportunity Commission ("EEOC") (32E-2019-00295) claiming pregnancy discrimination and whistleblower retaliation.

1

6.     On or about March 3, 2020, less than 90 days prior to the filing of this Complaint, Nebraska Equal Opportunity Commission ("NEOC") made a determination with respect to Plaintiff's charge, NEB 2-18/19-2-50281-RS.

7.     As of the time of this filing, Plaintiff has not received a Notice of Right to Sue from the EEOC for charge number EEOC 32E-2019-00295.  Plaintiff intends to amend this Complaint to include her discrimination claims under federal law when she exhausts her administrative remedies upon receipt of her Right to Sue letter from the EEOC.

## FACTUAL BACKGROUND

8.     Plaintiff was employed by Defendant from September 1, 2017 to July 30, 2018 at Defendant's store as a pharmacist.

9.     On May 17, 2018, Defendant received an insurance audit which reflected that a patient was prescribed one type of drug, which should only reimbursed Defendant $400.00; but Defendant billed the insurance company for a more expensive version of the drug at $4,000.00.

10.     Plaintiff observed her Pharmacy Manager, Blake Hennings, (hereinafter referred to as "Hennings") asking pharmacist, Erica LNUK (hereinafter referred to as "Erica") how far back we could change claims.  Immediately thereafter, Hennings got on the phone with Owner, Scott Louderback (hereinafter referred to as "Louderback") and told him about what happened.

11.     When Plaintiff checked the system after observing the conversations, it showed that all claims for that drug had been backed up three months and changed to bill for the more expensive drug, even though Defendant had already sent the cheaper drug to those consumers.

12.     Plaintiff confronted Hennings about this, and he told Plaintiff that Louderback must have changed them and that we were only supposed to do it in the future. The reimbursement claims were changed back after Plaintiff said something to Hennings.

2

13.     Also around the time of this incident, Plaintiff was reviewing claims for approval. She noticed that some claims were for eye drops where one type was dispensed to the patient and Medicaid was being billed for the more expensive version. Plaintiff refused to approve those claims, telling Hennings she would not do this because it was a fraudulent activity.

14.     On May 19, 2018, Plaintiff saw that Defendant had posted a job opening for her position as a full time pharmacist on a hiring website.

15.     On or around May 21 or 22, 2018, Plaintiff told Hennings that she was pregnant. She advised him of potential dates around when she was due so that her maternity leave and coverage could be arranged. Hennings advised Plaintiff that she would be fine taking the leave. Plaintiff also asked whether the full time pharmacist position posted online was to replace her, and Hennings told her that they were just hiring another pharmacist.

16.     Shortly after Plaintiff requested maternity leave, Defendant changed a policy about taking leave for medical appointments, stating that employees could only schedule their medical appointments outside of business hours. Plaintiff was the only pharmacist who worked full time daytime hours for Defendant. As a result, of the policy change, she found it difficult to navigate her pregnancy related medical appointments outside of business hours.

17.     As her scheduled maternity leave approached, Plaintiff noticed that pharmacists David Isaacson (hereinafter referred to as "Isaacson") and Christy Settje (hereinafter referred to as "Settje"), who were supposed to cover Plaintiff's leave had been put on the schedule for vacation during Plaintiff's maternity leave.

18.     Plaintiff asked Manager, Marissa McMann (hereinafter referred to as "McMann") about the vacations, she assured Plaintiff that it would work out.

3

19.     On July 30, 2018, Plaintiff was terminated over the phone by Louderback, while HR and Hennings were present. Louderback told Plaintiff that she was a liability due to errors in her performance.

20.     Plaintiff has knowledge of other pharmacists who also made errors, but who were not pregnant and did not report or refuse to participate in unlawful activity, that were not fired like she was.

21.     Prior to termination, Plaintiff's job performance was satisfactory.

22.     At the time of her termination, Plaintiff was earning approximately $54.00 per hour working fulltime hours for Defendant. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are approximately $112,000, and are continuing. As part of her compensation, Plaintiff also received health insurance, retirement contributions, and other employee benefits in amount currently unknown to Plaintiff and will be subject to further discovery.

23.     As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

## COUNT I

## STATE LAW PREGNANCY DISCRIMINATION

### Neb. Rev. Stat. §48-1104

24.     Plaintiff hereby incorporates paragraphs 1 through 23 as if fully set forth herein.

25.     Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment based on her pregnancy and sex, in violation of the Nebraska Fair Employment Practices Act.

4

26.     Defendant terminated Plaintiff from her employment based on based on her pregnancy and sex, in violation of the Nebraska Fair Employment Practices Act.

27.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

**COUNT II**

**WHISTLEBLOWER RETALIATION**

**Neb. Rev. Stat. §48-1114(1)(c)**

28.     Plaintiff hereby incorporates paragraphs 1 through 27 as if fully set forth herein and states:

29.     During her employment, Plaintiff engaged in protected activity, including but not limited to opposing illegal insurance billing practices and refusing to carry out any action unlawful under Federal and Nebraska state law, including but not limited to fraudulent insurance billing and fraudulent billing to Medicare.

30.     Defendant took adverse employment action against Plaintiff, including but not limited to subjecting her to harassment, unfavorable work schedules and assignments, subjecting her job performance to higher scrutiny and terminating her employment.

31.     There is a causal connection between Plaintiff's participation in protected whistleblower activity and Defendant's adverse action against her.

32.     As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress;

5

humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT III

### Wrongful Termination in Violation of Nebraska Public Policy

33.     Plaintiff hereby incorporates paragraphs 1 through 32 as if fully set forth herein and states:

34.     During her employment, Plaintiff refused to participate in Defendant's illegal acts in violation of Federal and state laws. To participate in such illegal acts would have subjected Plaintiff to losing her pharmacy license and to criminal penalty under Federal and state laws.

35.     There is a causal connection between Plaintiff's termination and her refusal to participate in said illegal acts and subject herself to criminal charges.

36.     As a result of Defendant's wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## DAMAGES

37.     Plaintiff hereby incorporates by reference paragraphs 1 through 36 and states:

38.     As a result of Defendant's discrimination and retaliation, Plaintiff has suffered damages and seeks the following relief:

    a.  Back pay and lost benefits to the time of trial;

    b.  Front pay including retirement and other benefits;

c. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

d. Attorney's fees, expert witness fees and other reasonable costs; and,

e. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for all her general and special damages, for costs, attorney's fees, interest and for such other relief as just and equitable. Plaintiff demands a trial by jury.

Dated: June 1, 2020.

AMANDA L. SCHNEIDER,
Plaintiff

BY:  /s/ Jennifer Turco Meyer
Jennifer Turco Meyer, #23760
Of Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com
Attorney for Plaintiff

7

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200001907
Transaction ID: 0011502568
Filing Date: 08/18/2020 03:06:28 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| AMANDA L. SCHNEIDER, | ) | Case No. CI20-1907 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| NEIGHBORHOOD LTC PHARMACY INC., a | ) | |
| Nebraska Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

TO THE CLERK OF SAID COURT:

PLEASE ISSUE Summons with a copy of the Complaint in the above-entitled matter and deliver the same to attorney for the Plaintiff for service upon the Defendant via certified mail, return receipt requested, to the following address:

> Neighborhood LTC Pharmacy, Inc.
> by and through their Registered Agent
> Robert J. Kmiecik
> 1299 Farnam Street, Suite 1500
> Omaha, NE 68102-1818

DATED this 18th day of August, 2020.

> AMANDA L. SCHNEIDER,
> Plaintiff

> BY:     /s/ Jennifer Turco Meyer_____
> Jennifer Turco Meyer, #23760
> Of Dyer Law, P.C., LLO
> 2611 S. 117th Street
> Omaha, Nebraska 68144
> (402) 393-7529
> (402) 391-2289 facsimile
> Jennifer@dyerlaw.com
> Attorney for Plaintiff

| Image ID:<br>D00601900D02 | **SUMMONS** | Doc. No.    601900 |

```
         IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
              575 S. 10th Street - 3rd Floor
              SEPARATE JUVENILE COURT-4th Floor
              Lincoln              NE 68508
```

Amanda Schneider v. NEIGHBORHOOD LTC PHARMACY INC.

Case ID: CI 20     1907

TO:  Neighborhood LTC Pharmacy Inc

**FILED BY**

Clerk of the Lancaster District Court
08/18/2020

You have been sued by the following plaintiff(s):

Amanda L Schneider

Plaintiff's Attorney:    Jennifer L Meyer
Address:                 2611 S 117th St
                         Omaha, NE 68144

Telephone:               (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: AUGUST 18, 2020      BY THE COURT:    _Troy L ClerK_
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Neighborhood LTC Pharmacy Inc
        Registered Agent Robert Kmiecki
        1299 Farman St Ste 1500
        Omaha, NE 68102-1818

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    601900 |
|---|---|

```
          LANCASTER DISTRICT COURT
          575 S. 10th Street - 3rd Floor
          SEPARATE JUVENILE COURT-4th Floor
          Lincoln              NE 68508
```
To:
Case ID: CI 20    1907 Schneider v. Neighborhood LTC Pharmacy I

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                       _____

Mileage ____miles          _____

   TOTAL               $ _____

Date: _____    BY: _____

                                    (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                    _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Neighborhood LTC Pharmacy Inc        From: Jennifer L Meyer
    Registered Agent Robert Kmiecki            2611 S 117th St
    1299 Farman St Ste 1500                    Omaha, NE 68144
    Omaha, NE 68102-1818
```

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200001907
Transaction ID: 0011567862
Doc No.: 601909
Filing Date: 08/27/2020 11:10:38 AM CDT

## SERVICE RETURN

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                    NE 68508

To:
Case ID: CI 20    1907 Schneider v. Neighborhood LTC Pharmacy I

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____

Copy                     _____

Mileage ____miles        _____

  TOTAL               $ _____

Date: _____   BY: _____
                                  (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Neighborhood LTC Pharmacy, Inc._____

At the following address: _by and through their Registered Agent, Robert J. Kmiecik,_

_1299 Farnam Street, Suite 1500, Omaha, NE 68102-1818_____

_____

on the _21st___ day of _August_____ _2020___, as required by Nebraska state law._

Postage $ _7.05___   Attorney for: _Amanda L. Schneider, Plaintiff_____

The return receipt for mailing to the party was signed on _August 25_____, _2020___.

To: Neighborhood LTC Pharmacy Inc       From: Jennifer L Meyer
    Registered Agent Robert Kmiecki            2611 S 117th St
    1299 Farman St Ste 1500                    Omaha, NE 68144
    Omaha, NE 68102-1818

## ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Neighborhood LTC Pharmacy Inc.*
*by through Registered Agent, Robert*
*J Kmiecik, 1299 Farnam St. #1500*
*Omaha NE 68102-1818*

9590 9402 5610 9274 8753 56

2. Article Number (Transfer from service label)

7018 3090 0001 4012 9052

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
*Timothy D Lawler*   8-24-20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Image ID:
D00601900D02

## SUMMONS

Doc. No.    601900

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                NE 68508

Amanda Schneider v. NEIGHBORHOOD LTC PHARMACY INC.

Case ID: CI 20    1907

TO:  Neighborhood LTC Pharmacy Inc

You have been sued by the following plaintiff(s):

Amanda L Schneider

Plaintiff's Attorney:    Jennifer L Meyer
Address:                 2611 S 117th St
                         Omaha, NE 68144

Telephone:               (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: AUGUST 18, 2020       BY THE COURT:    _Troy L. Clark_
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

Neighborhood LTC Pharmacy Inc
Registered Agent Robert Kmiecki
1299 Farman St Ste 1500
Omaha, NE 68102-1818

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200001907
Transaction ID: 0011770898
Filing Date: 09/25/2020 02:25:12 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| AMANDA L. SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  D02CI200001907 |
| | ) | |
| NEIGHBORHOOD LTC PHARMACY | ) | |
| INC., a Nebraska Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR ENLARGEMENT OF TIME

Defendant Neighborhood LTC Pharmacy Inc. (the "Pharmacy" or "Defendant") hereby submits this Motion for Enlargement of Time for the following reasons:

Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission (EEOC). Subsequently, Plaintiff informed the Pharmacy that, in light of the EEOC's Notice, Plaintiff will amend its Complaint to add claims.  Plaintiff's and the Pharmacy's counsel have conferred on Plaintiff's desire to amend its Complaint.

Currently the Pharmacy's deadline to answer Plaintiff's complaint is September 28, 2020. Plaintiff has advised that it intends to amend the Complaint on or before October 8, 2020. To conserve both the parties' and the Court's resources, and pursuant to Neb. Ct. R. Pldg. § 6-1106(b), the Pharmacy requests that the Court grant it 14 days beyond October 8, 2020 to file its answer in response to Plaintiff's amended complaint, on or before October 22, 2020.

WHEREFORE, the Pharmacy respectfully requests that the Court grant it an enlargement of time to file its answer by October 22, 2020.

September 25, 2020

Respectfully submitted,

STINSON LLP

*/s/ Robin K. Carlson*
_____
Robin K. Carlson    NE #25888
1201 Walnut, Suite 2900
Kansas City, Missouri 64106-2150
(816) 842-8600 telephone
(816) 691-3495 facsimile
robin.carlson@stinson.com


ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2020, a copy of the above and foregoing was served via the Court's electronic case filing system on the following counsel of record:

Jennifer Turco Meyer
Of Dyer Law, P.C.
S. 117th Street
Omaha, NE  68144
(402) 393-7529 telephone
(402) 391-2289 facsimile
jennifer@dyerlaw.com

Attorney for Plaintiff


*/s/ Robin K. Carlson*
_____
Attorney for Defendant

CORE/0800874.0043/161933689.2

# Certificate of Service

I hereby certify that on Friday, September 25, 2020 I provided a true and correct copy of the Motion-Enlargement of Time to the following:

Neighborhood LTC Pharmacy Inc service method: No Service

Schneider,Amanda,L, represented by Jennifer Turco Meyer (Bar Number: 23760) service method: Electronic Service to jennifer@dyerlaw.com

Signature: /s/ Robin Kaylene Carlson (Bar Number: 25888)

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200001907
Transaction ID: 0011780016
Filing Date: 09/28/2020 03:07:20 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| AMANDA L. SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  D02CI200001907 |
| | ) | |
| NEIGHBORHOOD LTC PHARMACY | ) | |
| INC., a Nebraska Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STIPULATION FOR ENLARGEMENT OF TIME FOR DEFENDANT TO
RESPOND TO PLAINTIFF'S COMPLAINT**

The Parties hereby submit this Joint Stipulation for Enlargement of Time for the

following reasons:

Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity

Commission (EEOC). Subsequently, Plaintiff informed the Pharmacy that, in light of the EEOC's

Notice, Plaintiff will amend its Complaint to add claims.  Plaintiff's and the Pharmacy's counsel

have conferred on Plaintiff's desire to amend its Complaint and agree that Defendant may have

additional time to answer Plaintiff's Amended Complaint.

Currently the Pharmacy's deadline to answer Plaintiff's complaint is September 28, 2020.

Plaintiff has advised that it intends to amend the Complaint on or before October 8, 2020. To

conserve both the parties' and the Court's resources, and pursuant to Neb. Ct. R. Pldg. § 6-

1106(b), the Parties request that the Court grant Defendant 14 days beyond October 8, 2020 to

file its answer in response to Plaintiff's amended complaint, on or before October 22, 2020.

Based on the foregoing, IT IS HEREBY STIPULATED by and between the parties through

their respective attorneys that Defendant may have additional time to file its answer to Plaintiff's

Amended Complaint, on or before October 22, 2020.

September 28, 2020

Respectfully submitted,

STINSON LLP

*/s/ Robin K. Carlson*
Robin K. Carlson    NE #25888
1201 Walnut, Suite 2900
Kansas City, Missouri 64106-2150
(816) 842-8600 telephone
(816) 691-3495 facsimile
robin.carlson@stinson.com
ATTORNEY FOR DEFENDANT

DYER LAW, P.C.

*/s/ Jennifer Turco Meyer*
Jennifer Turco Meyer
Dyer Law, P.C.
2611 S. 117th Street
Omaha, NE  68144
(402) 393-7529 telephone
(402) 391-2289 facsimile
jennifer@dyerlaw.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2020, a copy of the above and foregoing was served via the Court's electronic case filing system on the following counsel of record:

Jennifer Turco Meyer
Dyer Law, P.C.
2611 S. 117th Street
Omaha, NE  68144
(402) 393-7529 telephone
(402) 391-2289 facsimile
jennifer@dyerlaw.com

Attorney for Plaintiff

2

*/s/ Robin K. Carlson*
Attorney for Defendant

3

# Certificate of Service

I hereby certify that on Monday, September 28, 2020 I provided a true and correct copy of the Stipulation to the following:

Schneider,Amanda,L, represented by Jennifer Turco Meyer (Bar Number: 23760) service method: Electronic Service to jennifer@dyerlaw.com

Signature: /s/ Robin Kaylene Carlson (Bar Number: 25888)

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200001907
Transaction ID: 0011842836
Filing Date: 10/07/2020 08:57:27 AM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

|  |  |  |
|---|---|---|
| AMANDA L. SCHNEIDER, | ) | Case No. CI20-1907 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT AND** |
| | ) | **JURY DEMAND** |
| NEIGHBORHOOD LTC PHARMACY INC., a | ) | |
| Nebraska Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through her attorneys, and for her cause of action against the Defendant hereby states the following:

## **PARTIES-VENUE-JURISDICTION**

1.      Plaintiff Amanda L. Schneider is a resident of Lincoln, Lancaster County, Nebraska.

2.      Defendant Neighborhood LTC Pharmacy Inc., is a Nebraska corporation that is authorized to conduct business in Nebraska, and at all times relevant was doing business in Lincoln, Lancaster County, Nebraska.

3.      This Court has original jurisdiction over the claims arising under state law and supplemental jurisdiction of the claims arising under Federal law.

4.      Venue is appropriate in this District under Neb. Rev. Stat. §25-403.02. The acts about which Plaintiff complains occurred during the course of her employment in Lancaster Nebraska.

5.      On or about February 19, 2019, Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") (NEB 2-18/19-2-50281-RS) and the U.S. Equal Opportunity Commission ("EEOC") (32E-2019-00295) claiming pregnancy

discrimination and whistleblower retaliation.

6.     On or about March 3, 2020, less than 90 days prior to the filing of this Complaint, Nebraska Equal Opportunity Commission ("NEOC") made a determination with respect to Plaintiff's charge, NEB 2-18/19-2-50281-RS.

7.     On or about September 11, 2020, less than 90 days prior to the filing of this Complaint, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on charge number 32E-2019-00295.

## FACTUAL BACKGROUND

8.     Plaintiff was employed as a pharmacist by Defendant at its location in Lincoln, Nebraska, from September 1, 2017 to July 30, 2018.

9.     On May 17, 2018, Defendant received an insurance audit which reflected that a patient was prescribed one type of drug, which should only reimbursed Defendant $400.00; but Defendant billed the insurance company for a more expensive version of the drug at $4,000.00.

10.     Plaintiff observed her Pharmacy Manager, Blake Hennings, (hereinafter referred to as "Hennings") asking pharmacist, Erica LNUK (hereinafter referred to as "Erica") how far back we could change claims.  Immediately thereafter, Hennings got on the phone with Owner, Scott Louderback (hereinafter referred to as "Louderback") and told him about what happened.

11.     When Plaintiff checked the system after observing the conversations, it showed that all claims for that drug had been backed up three months and changed to bill for the more expensive drug, even though Defendant had already sent the cheaper drug to those consumers.

12.     Plaintiff confronted Hennings about this, and he told Plaintiff that Louderback must have changed them and that we were only supposed to do it in the future. The reimbursement claims were changed back after Plaintiff said something to Hennings.

2

13.     Also around the time of this incident, Plaintiff was reviewing claims for approval. She noticed that some claims were for eye drops where one type was dispensed to the patient and Medicaid was being billed for the more expensive version. Plaintiff refused to approve those claims, telling Hennings she would not do this because it was a fraudulent activity.

14.     On May 19, 2018, Plaintiff saw that Defendant had posted a job opening for her position as a full time pharmacist on a hiring website.

15.     On or around May 21 or 22, 2018, Plaintiff told Hennings that she was pregnant. She advised him of potential dates around when she was due so that her maternity leave and coverage could be arranged. Hennings advised Plaintiff that she would be fine taking the leave. Plaintiff also asked whether the full time pharmacist position posted online was to replace her, and Hennings told her that they were just hiring another pharmacist.

16.     Shortly after Plaintiff requested maternity leave, Defendant changed a policy about taking leave for medical appointments, stating that employees could only schedule their medical appointments outside of business hours. Plaintiff was the only pharmacist who worked full time daytime hours for Defendant. As a result, of the policy change, she found it difficult to navigate her pregnancy related medical appointments outside of business hours.

17.     As her scheduled maternity leave approached, Plaintiff noticed that pharmacists David Isaacson (hereinafter referred to as "Isaacson") and Christy Settje (hereinafter referred to as "Settje"), who were supposed to cover Plaintiff's leave had been put on the schedule for vacation during Plaintiff's maternity leave.

18.     Plaintiff asked Manager, Marissa McMann (hereinafter referred to as "McMann") about the vacations, she assured Plaintiff that it would work out.

19.     On July 30, 2018, Plaintiff was terminated over the phone by Louderback, while

3

HR and Hennings were present. Louderback told Plaintiff that she was a liability due to errors in her performance.

20.     Plaintiff has knowledge of other pharmacists who also made errors, but who were not pregnant and did not report or refuse to participate in unlawful activity, that were not fired like she was.

21.     Prior to termination, Plaintiff's job performance was satisfactory.

22.     At the time of her termination, Plaintiff was earning approximately $54.00 per hour working fulltime hours for Defendant. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are approximately $112,000, and are continuing. As part of her compensation, Plaintiff also received health insurance, retirement contributions, and other employee benefits in amount currently unknown to Plaintiff and will be subject to further discovery.

23.     As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

## COUNT I

### TITLE VII PREGNANCY DISCRIMINATION

24.     Plaintiff hereby incorporates paragraphs 1 through 23 as if fully set forth herein.

25.     Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment based on her pregnancy and sex, in violation of Title VII.

26.     Defendant terminated Plaintiff from her employment based on her pregnancy and sex, in violation of Title VII.

27.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in

4

the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

## COUNT II

### STATE LAW PREGNANCY DISCRIMINATION

### Neb. Rev. Stat. §48-1104

28.    Plaintiff hereby incorporates paragraphs 1 through 27 as if fully set forth herein.

29.    Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment based on her pregnancy and sex, in violation of the Nebraska Fair Employment Practices Act.

30.    Defendant terminated Plaintiff from her employment based on based on her pregnancy and sex, in violation of the Nebraska Fair Employment Practices Act.

31.    As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

## COUNT III

### WHISTLEBLOWER RETALIATION

### Neb. Rev. Stat. §48-1114(1)(c)

32.    Plaintiff hereby incorporates paragraphs 1 through 31 as if fully set forth herein and states:

33.    During her employment, Plaintiff engaged in protected activity, including but not limited to opposing illegal insurance billing practices and refusing to carry out any action

5

unlawful under Federal and Nebraska state law, including but not limited to fraudulent insurance billing and fraudulent billing to Medicare.

34.     Defendant took adverse employment action against Plaintiff, including but not limited to subjecting her to harassment, unfavorable work schedules and assignments, subjecting her job performance to higher scrutiny and terminating her employment.

35.     There is a causal connection between Plaintiff's participation in protected whistleblower activity and Defendant's adverse action against her.

36.     As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

**COUNT IV**

**WRONGFUL TERMINATION IN VIOLATION OF**

**NEBRASKA PUBLIC POLICY**

37.     Plaintiff hereby incorporates paragraphs 1 through 36 as if fully set forth herein and states:

38.     During her employment, Plaintiff refused to participate in Defendant's illegal acts in violation of Federal and state laws. To participate in such illegal acts would have subjected Plaintiff to losing her pharmacy license and to criminal penalty under Federal and state laws.

39.     There is a causal connection between Plaintiff's termination and her refusal to participate in said illegal acts and subject herself to criminal charges.

40.     As a result of Defendant's wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional

6

distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## DAMAGES

41.     Plaintiff hereby incorporates by reference paragraphs 1 through 40 and states:

42.     As a result of Defendant's discrimination and retaliation, Plaintiff has suffered damages and seeks the following relief:

      a.   Back pay and lost benefits to the time of trial;

      b.   Front pay including retirement and other benefits;

      c.   Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

      d.   Punitive damages for Defendant's actual malice or reckless indifference to Plaintiff's federally protected rights;

      e.   Attorney's fees, expert witness fees and other reasonable costs; and,

      f.   Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for all her general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.  Plaintiff demands a trial by jury.

Dated: October 7, 2020.

AMANDA L. SCHNEIDER,
Plaintiff

BY:   s/ Jennifer Turco Meyer
Jennifer Turco Meyer, #23760
Of Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 7, 2020, I served the foregoing by regular U.S. Mail, postage prepaid, and by email to the following:

Robin K. Carlson
Stinson Leonard Street
1201 Walnut Street, #2900
Kansas City, MO 64106
robin.carlson@stinson.com

s/ Jennifer Turco Meyer

# Certificate of Service

I hereby certify that on Wednesday, October 07, 2020 I provided a true and correct copy of the Amended Complaint to the following:

Neighborhood LTC Pharmacy Inc represented by Robin Kaylene Carlson (Bar Number: 25888) service method: Electronic Service to robin.carlson@stinson.com

Signature: /s/ Jennifer Turco Meyer (Bar Number: 23760)